IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'05  JUN -2  P3 :31

RALPH L. DELOACH
BY _____ CLERK
AT WICHITA. KS.

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } |
| | } |
| SCOTT D. CHEEVER, | } |
| BILLY G. NOWELL, | } |
| DARRELL E. COOPER, | } |
| BELINDA K. COOPER, | } |
| and RHONDA O`BRIEN, | } |
| | } |
| Defendants. | } |

Criminal Action

Case No. 05-10050-01-06-MLB

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT 1

### CONSPIRACY TO MANUFACTURE METHAMPHETAMINE
### 21 U.S.C. 846

On or about January 19, 2005, in the District of Kansas, the defendants,

**SCOTT D. CHEEVER,
BILLY G. NOWELL,
DARRELL E. COOPER,
BELINDA K. COOPER
and RHONDA O`BRIEN,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and

with others to manufacture five (5) grams or more of Methamphetamine, a controlled substance,

which is a violation of Title 21, United States Code, § 841(a)(1).

1

## Manner and Means of the Conspiracy

The objects of the conspiracy were to be accomplished and were accomplished as follows:

1.  During the period of the conspiracy DARRELL E. COOPER and his wife, BELINDA K. COOPER, leased a house at Hilltop, Greenwood County, Kansas. DARRELL E. COOPER and his wife, BELINDA K. COOPER knowingly and intentionally made available for use, with and without compensation, said property for the purpose of unlawfully manufacturing methamphetamine.

2.  During the period of the conspiracy SCOTT D. CHEEVER, went to the COOPERS' home and was allowed by the COOPERS to use the property to manufacture methamphetamine.

3.  During the period of the conspiracy BILLY G. NOWELL assisted in the manufacture of methamphetamine at the COOPER residence.

4.  During the period of the conspiracy MATTHEW D. DENNY assisted in the manufacture of methamphetamine at the COOPER residence.

5.  During the period of the conspiracy SCOTT D. CHEEVER would and did possess, carry, and discharge firearms to protect the methamphetamine lab and any finished methamphetamine and/or members of the conspiracy.

6.  During the period of the conspiracy SCOTT D. CHEEVER knowingly and intentionally used a place; that is the COOPERS' house at, Hilltop, Greenwood County, Kansas, for the purpose of unlawfully manufacturing methamphetamine, a controlled substance.

2

7.      During the period of the conspiracy RHONDA O'BRIEN telephoned the
        COOPER residence, knowing that the COOPERS had a methamphetamine lab at
        their home and that her mother had called the Greenwood County Sheriff's Office
        and told law enforcement that SCOTT D. CHEEVER was at the COOPERS'
        house, used the telephone to warn BELINDA K. COOPER that the sheriff's office
        may be on the way to the COOPERS.

8.      During the period of the conspiracy SCOTT D. CHEEVER  killed Greenwood
        County Sheriff Matthew Samuels by shooting him with a  Sturm, Ruger & Co.,
        Inc. model New Model Super Blackhawk .44 caliber, single action revolver.

9.      During the period of the conspiracy SCOTT D. CHEEVER used  a Sturm, Ruger
        & Co., Inc. New Model Super Blackhawk .44 caliber, single action revolver, to
        shoot at  Greenwood County Deputy Sheriffs Mike Mullins and Thomas Harm as
        they tried to remove the mortally wounded Sheriff Samuels from the house.

10.     During the period of the conspiracy SCOTT D. CHEEVER, using both a Sturm,
        Ruger & Co., Inc. model New Model Super Blackhawk .44 caliber, single action
        revolver and a Sturm, Ruger & Co., Inc. model Mark II Target .22 caliber pistol,
        to fire shots at  Kansas Highway Patrol Troopers as the troopers entered the
        upstairs portion of the house where CHEEVER and the methamphetamine lab
        were located.

In violation of Title 21, United States Code § 846.

3

## COUNT 2

### MANUFACTURE OF METHAMPHETAMINE
### 21 U.S.C. 841(a)(1)
### 18 U.S.C. 2

On or about January 19, 2005, in the District of Kansas, the defendants,

### SCOTT D. CHEEVER,
### BILLY G. NOWELL,
### DARRELL E. COOPER,
### and BELINDA K. COOPER,

did knowingly and intentionally manufacture a mixture or substance containing a detectable

amount of Methamphetamine, a controlled substance.

In violation of Title 21, United States Code, § 841(a)(1) and Title 18, United States Code,

§ 2.


## COUNT 3

### ATTEMPT TO MANUFACTURE METHAMPHETAMINE
### 21 U.S.C. 846
### 18 U.S.C. 2

On or about January 19, 2005, in the District of Kansas, the defendants,

### SCOTT D. CHEEVER,
### BILLY G. NOWELL,
### DARRELL E. COOPER,
### and BELINDA K. COOPER,

did knowingly and intentionally attempt to manufacture a mixture or substance containing a

detectable amount of Methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 846 and 841(a)(1) and Title 18, United

States Code § 2.

4

## COUNT 4

### ESTABLISHMENT OF MANUFACTURING OPERATIONS
### 21 U.S.C. 856(a)(2)

On or about January 19, 2005, in the District of Kansas, the defendants,

### DARRELL E. COOPER and
### BELINDA K. COOPER,

while managing and controlling a house, at 2612 310th Street, Hilltop, Greenwood County,

Kansas, as a  lessee, knowingly and intentionally made available for use, with and without

compensation, said house for the purpose of unlawfully manufacturing methamphetamine, a

controlled substance.

In violation of Title 21, United States Code, § 856(a)(2) and Title 18, United States Code

§ 2.


## COUNT 5

### ESTABLISHMENT OF MANUFACTURING OPERATIONS
### 21 U.S.C. 856(a)(1)

On or about January 19, 2005, in the District of Kansas, the defendant,

### SCOTT D. CHEEVER,

knowingly and intentionally used a place; that is the COOPERS' house at 2612 310th Street,

Hilltop, Greenwood County, Kansas,  for the purpose of unlawfully manufacturing

methamphetamine, a controlled substance.

In violation of Title 21, United States Code,§ 856(a)(1).

5

## COUNT 6

### MURDER – CAUSING THE DEATH OF A PERSON THROUGH THE USE OF A FIREARM– IN THE COURSE OF USING A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
### 18 U.S.C. 924(j)(1)
### 18 U.S.C. 924(c)(1)

On or about January 19, 2005, in the District of Kansas, the defendant,

### SCOTT D. CHEEVER,

did knowingly carry and use a firearm; that is a Sturm, Ruger & Co., Inc. New Model Super

Blackhawk .44 caliber single action revolver, during and in relation to a drug trafficking crime

for which he may be prosecuted in a court of the United States, to wit: the attempt to manufacture

methamphetamine (as set forth in Count 3 of this Superseding Indictment which is re-alleged and

incorporated by reference herein), in violation of Title 18, United States Code § 924(c)(1), and in

the course of this violation caused the death of a person through the use of a firearm, which

killing is a murder (as defined in Title 18, United States Code § 1111(a)), in that the defendant

SCOTT D. CHEEVER, with malice aforethought, did willfully, deliberately, maliciously and

with premeditation, unlawfully kill Greenwood County Sheriff Matthew Samuels by shooting

him with that firearm.

In violation of Title 18, United States Code, §§ 924(j)(1) and 924(c)(1).

## COUNT 7

## MURDER OF A WITNESS TO PREVENT A COMMUNICATION TO A JUDGE OF THE UNITED STATES OF INFORMATION RELATING TO THE COMMISSION OR POSSIBLE COMMISSION OF A FEDERAL OFFENSE
## 18 U.S.C. §1512(a)(1)(C)

On or about January 19, 2005, in the District of Kansas, the defendant,

### SCOTT D. CHEEVER,

did unlawfully kill Greenwood County Sheriff Matthew Samuels, such killing being a murder (as

defined in Title 18, United States Code § 1111(a)) in that the defendant SCOTT D. CHEEVER,

with malice aforethought, did willfully, deliberately, maliciously and with premeditation,

unlawfully kill Greenwood County Sheriff Matthew Samuels by shooting him with a firearm,

with the intent to prevent the communication by Sheriff Samuels to a law enforcement officer or

a judge of the United States of information relating to the commission or possible commission of

a federal offense; to wit the attempted manufacture of methamphetamine at the COOPER

residence.

In violation of Title 18, United States Code, §1512(a)(1)(C).

## COUNT 8

## CARRYING, USING AND DISCHARGING A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
## 18 U.S.C. 924(c)(1)(A)
## 18 U.S.C. 924(c)(1)(A)(iii)
## 18 U.S.C. 2

On or about January 19, 2005, in the District of Kansas, the defendants,

### BILLY G. NOWELL,
### DARRELL E. COOPER,
### BELINDA K. COOPER,
### and RHONDA O'BRIEN,

7

knowingly carried, used and discharged a firearm; that is a Sturm, Ruger & Co., Inc. model New

Model Super Blackhawk .44 caliber revolver, during and in relation to a drug trafficking crime

for which they may be prosecuted in a court of the United States, to wit: the attempt to

manufacture methamphetamine in that SCOTT D. CHEEVER discharged a firearm at

Greenwood County Sheriff Matthew Samuels.

In violation of Title 18, United States Code, § 924(c)(1)(A)(iii) and Title 18, United States

Code § 2.


## COUNT 9

### ATTEMPT TO KILL A WITNESS TO PREVENT A COMMUNICATION TO A JUDGE OF THE UNITED STATES OF INFORMATION RELATING TO THE COMMISSION OR POSSIBLE COMMISSION OF A FEDERAL OFFENSE
### 18 U.S.C. §1512(a)(1)(C)

On or about January 19, 2005, in the District of Kansas, the defendant,

### SCOTT D. CHEEVER,

did unlawfully attempt to kill Greenwood County Deputy Sheriffs Mike Mullins and Thomas

Harm, by shooting at them with a firearm, with the intent to prevent the communication by them

to a law enforcement officer or a judge of the United States of information relating to the

commission or possible commission of a federal offense; to wit the attempted manufacture of

methamphetamine at the COOPER residence.

In violation of Title 18, United States Code, §1512(a)(1)(C).

## COUNT 10

### USING AND DISCHARGING A FIREARM
### DURING AND IN RELATION TO A CRIME OF VIOLENCE
### 18 U.S.C.  924(c)(1)(A)
### 18 U.S.C.  924(c)(1)(A)(iii)
### 18 U.S.C. 2

On or about January 19, 2005, in the District of Kansas, the defendant,

### SCOTT D. CHEEVER,

knowingly used and discharged a firearm during and in relation to a crime of violence for which

he may be prosecuted in a court of the United States, to wit: the attempt to kill Greenwood

County Deputy Sheriffs Mike Mullins and Thomas Harm to prevent the communication by the

deputies to a law enforcement officer or a judge of the United States of information relating to

the commission or possible commission of a federal offense: to wit, the attempt to manufacture

methamphetamine in that SCOTT D. CHEEVER discharged a firearm at Greenwood County

Deputy Sheriffs Mike Mullins and Thomas Harm in an attempt to kill them.

In violation of Title 18, United States Code, § 924(c)(1)(A)(iii).

## COUNT 11

### USING AND DISCHARGING A FIREARM
### DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
### 18 U.S.C.  924(c)(1)(A)
### 18 U.S.C. 924(c)(1)(A)(iii)
### 18 U.S.C. 2

On or about January 19, 2005, in the District of Kansas, the defendant,

### SCOTT D. CHEEVER,

knowingly used and discharged a firearm during and in relation to a drug trafficking crime for

9

which he may be prosecuted in a court of the United States, to wit: maintaining a place; that is,

the COOPERS' house at 2612 310th Street, Hilltop, Greenwood County, Kansas,  for the purpose

of unlawfully manufacturing methamphetamine, a controlled substance, in that SCOTT D.

CHEEVER discharged a firearm at Kansas Highway Patrol Troopers as they entered the second

floor of the house in an attempt to apprehend SCOTT D. CHEEVER.

In violation of Title 18, United States Code, § 924(c)(1)(A)(iii).


## COUNT 12

### CARRYING A FIREARM
### DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
### 18 U.S.C.  924(c)(1)(A)
### 18 U.S.C. 924(c)(1)(A)(i)
### 18 U.S.C. 2

On or about January 19, 2005, in the District of Kansas, the defendants,

### BILLY G. NOWELL,
### DARRELL E. COOPER,
### and BELINDA K. COOPER,

knowingly carried a firearm; that is a Sturm, Ruger & Co., Inc. model  Mark II Target .22 caliber

pistol, during and in relation to a drug trafficking crime for which they may be prosecuted in a

court of the United States, to wit: the manufacture of methamphetamine.

In violation of Title 18, United States Code, § 924(c)(1)(A)(i) and Title 18, United States

Code § 2.

## COUNT 13

### FELON IN POSSESSION OF A FIREARM
### 18 U.S.C. 922(g)(1)

On or about  January 19, 2005, in the District of Kansas, the defendant,

### SCOTT D. CHEEVER,

who was convicted of a crime punishable by imprisonment for a term exceeding one year (a

felony) did knowingly and unlawfully possess, in and affecting commerce, a firearm, that is a

Sturm, Ruger & Co., Inc. New Model Super Blackhawk .44 caliber revolver, which was not

produced in the State of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code § 922(g)(1).

## COUNT 14

### FELON IN POSSESSION OF A FIREARM
### 18 U.S.C. 922(g)(1)

On or about  January 19, 2005, in the District of Kansas, the defendant,

### SCOTT D. CHEEVER,

who was convicted of a crime punishable by imprisonment for a term exceeding one year (a

felony) did knowingly and unlawfully possess, in and affecting commerce, a firearm, that is a

Sturm, Ruger & Co., Inc. model Mark II Target .22 caliber pistol, which was not produced in the

State of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code § 922(g)(1).

11

## COUNT 15

### POSSESSION OF A STOLEN FIREARM
### 18 U.S.C. 922(j)

On or about  January 19, 2005, in the District of Kansas, the defendant,

### SCOTT D. CHEEVER,

knowingly possessed a stolen firearm, to wit: a Sturm, Ruger & Co., Inc. New Model Super

Blackhawk .44 caliber revolver which was not produced in the State of Kansas and had been

shipped and transported in interstate commerce, knowing and having reasonable cause to believe

the firearm was stolen.

In violation of Title 18, United States Code, § 922(j).

## COUNT 16

### POSSESSION OF A STOLEN FIREARM
### 18 U.S.C. 922(j)

On or about  January 19, 2005, in the District of Kansas, the defendant,

### SCOTT D. CHEEVER,

knowingly possessed a stolen firearm, to wit: a Sturm, Ruger & Co., Inc. model Mark II Target

.22 caliber pistol,  which was not produced in the State of Kansas and had been shipped and

transported in interstate commerce, knowing and having reasonable cause to believe the firearm

was stolen.

In violation of Title 18, United States Code, § 922(j).

## COUNT 17

### POSSESSING A FIREARM
### IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
### 18 U.S.C.  924(c)(1)(A)
### 18 U.S.C.  924(c)(1)(A)(i)
### 18 U.S.C. 2

On or about January 19, 2005, in the District of Kansas, the defendants,

### DARRELL E. COOPER, and
### BELINDA K. COOPER,

knowingly possessed a firearm; that is a Winchester, 20 gauge shotgun, in furtherance of a drug

trafficking crime for which they may be prosecuted in a court of the United States, to wit: as

lessees, knowingly and intentionally making available for use, with and without compensation,

their house at 2612 310th Street, Lots 1-9; Block 1, Hilltop, Greenwood County, Kansas,  for the

purpose of unlawfully manufacturing methamphetamine, a controlled substance

In violation of Title 18, United States Code, § 924(c)(1)(A)(i) and Title 18, United States

Code § 2.

## COUNT 18

### USE OF COMMUNICATION FACILITY  IN CAUSING OR FACILITATING THE
### COMMISSION OF FELONIES UNDER THE CONTROLLED SUBSTANCES ACT
### 21 U.S.C. 843(b)

On or about January 19, 2005, in the District of Kansas, the defendants,

### BELINDA K. COOPER,
### and RHONDA O`BRIEN,

knowingly and intentionally used a communication facility, that is: a telephone, in facilitating the

commission of a violation of Title 21, United States Code Section(s) 841(a)(1) and 846 in that

13

RHONDA O'BRIEN, knowing that the COOPERS had a methamphetamine lab at their home and that RHONDA O'BRIEN's mother had called the Greenwood County Sheriff's Office and told them that SCOTT D. CHEEVER was at the COOPERS' house, used the telephone to warn BELINDA K. COOPER that the sheriff's office may be on the way to the COOPER home.

In violation of Title 21, United States Code, § 843 (b).

## NOTICE OF SPECIAL FINDINGS

**I.  The Grand Jury further finds that:**

Pursuant to the provisions of Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, the following factors exist regarding defendant SCOTT D. CHEEVER and his commission of the offenses charged in Count 6 of this indictment, that is, through the use of a firearm, the murder of Greenwood County Sheriff Matthew Samuels by shooting him with a firearm in violation of Title 18, United States Code, Sections 924(j)(1), and Count 7 of this indictment, that is, the killing Greenwood County Sheriff Matthew Samuels by shooting him with a firearm, with the intent to prevent the communication by Sheriff Samuels to a law enforcement officer or a judge of the United States of information relating to the commission or possible commission of the federal offense of the manufacture of methamphetamine, the allegations of which are fully re-alleged and incorporated herein by this reference:

**A.      Statutory Factors Enumerated under Title 18, United States Code, § 3591(a)**

1.      **Age of the Defendant.**      The defendant, SCOTT D. CHEEVER was 18 years of age or older at the time he committed the offense.

14

2.    **Mental State of the Defendant.**

a.    The defendant, SCOTT D. CHEEVER intentionally killed Matthew Samuels Title 18, United States Code, § 3591(a)(2)(A).

b.    The defendant, SCOTT D. CHEEVER intentionally inflicted serious bodily injury to Matthew Samuels, that resulted in Matthew Samuels' death. Title 18, United States Code, § 3591(a)(2)(B).

c.    The defendant, SCOTT D. CHEEVER, intentionally participated in an act, contemplating that a life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Matthew Samuels died as a direct result of the act. Title 18, United States Code, § 3591(a)(2)(C).

d.    The defendant, SCOTT D. CHEEVER, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act. Title 18, United States Code, § 3591(a)(2)(D).

B.    **Statutory Factors Enumerated under Title 18, United States Code, § 3592(c)**

1.    **Grave risk of death to additional persons.**   The defendant, SCOTT D. CHEEVER, in the commission of the offense, or in attempting to escape apprehension for a violation of the offense, knowingly created a grave risk of death to 1 or more persons in addition to the victim of the offense. Title 18, United States Code, § 3592(c)(5).

2.    **Substantial planning and premeditation.**   The defendant, SCOTT D. CHEEVER, committed the offense after substantial planning and premeditation to cause the death

15

of a person, which resulted in the death of Matthew Samuels. Title 18, United States Code,

§ 3592(c)(9).

      3.    **Multiple killings or attempted killings.** The defendant, SCOTT D. CHEEVER,

intentionally killed or attempted to kill more than one person in a single criminal episode. Title 18,

United States Code, § 3592(c)(16).


                    A TRUE BILL


_____6/2/05_____
DATE

                _____
                FOREMAN OF THE GRAND JURY


ERIC F. MELGREN
United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Ks. S. Ct. No.12430

(It is requested that trial be held in Wichita, Kansas.)

Returned in open Court this 2nd day of June, 2005.


UNITED STATES DISTRICT/MAGISTRATE JUDGE

16