IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,  }
                               }
                    Plaintiff, }
                               }
          v.                   }          Criminal Action
                               }
**SCOTT D. CHEEVER,**          }          Case No. 05-10050-01-MLB
                    Defendant. }

**AGREED ORDER REQUIRING DEFENDANT
TO SUPPLY EXEMPLARS OF HANDWRITING**

Now on this 1st day of July, 2005, the Motion of the United States for an Order

requiring the defendant to supply exemplars of handwriting, comes before the Court.

The Court, after reviewing the Motion and being fully advised in the premises

finds as follows:

1.      After Defendant Cheever's arrest, officers obtained letters purportedly

written by Cheever in which the writer refers to the incidents of January 19, 2005,

including the killing of the Greenwood County, Kansas Sheriff.

2.      The United States has filed a Motion requesting an order directing the

defendant, Scott D. Cheever,  to furnish exemplars of his handwriting to agents of the

Bureau of Alcohol Tobacco and Firearms and/or Kansas Bureau of Investigation, for

comparisons with questioned handwriting to be used during the preparation for and during the trial of the above case.

3.     In order to opine that Scott Cheever is either the author of, or is excluded as the author of, the writings, a  Forensic Document Examiner, trained in questioned document/handwriting analysis, needs to examine the writings against exemplars known to be defendant Cheever's.

4.     The parties have agreed that the following procedure is to be used to collect known handwriting from Cheever:

      a.  Seat Cheever at a desk, table or bench in a natural writing position.

      b.  Provide Cheever with the same type of writing instrument as that used in the questioned document (in this case, an ink pen).

      c.  Have Cheever complete a handwriting specimen booklet;

      d.  Provide Cheever with writing stock of the same type upon which the questioned document exists, in this case, lined white paper; and

      e.  Without allowing Cheever to see the questioned documents, provide him with a typed version of them and have him write the content of the questioned documents.  Repeat this process two times, without allowing him to see any of the previous known writings.

IT  IS  THEREFORE  ORDERED  that  defendant  Scott  D.  Cheever  is

ORDERED to provide handwriting exemplars as requested by the United States and

2

that the agreed upon procedure set out above is to be used to collect the known handwriting from defendant Scott Cheever.

IT IS FURTHER ORDERED that counsel for defendant be consulted regarding the time for collection of the exemplars, and that a representative of the defendant's counsel be permitted to be present when the exemplars are collected.


s/Monti Belot
MONTI L. BELOT
United States District Court Judge


**APPROVED:**


s/ David M. Lind
David M. Lind, #12106
Assistant United States Attorney


s/ Ronald E. Wurtz
Ronald E. Wurtz, #7688
Attorney for Defendant

3